[*General Term, January,* 1873.]

## HALLAM & HALLAM *v.* MAXWELL & JORDAN.

M. & J. being trustees of H., a bankrupt, employed H. & H., attorneys at law, to perform certain legal services for the benefit of the bankrupt's estate, there being no *special contract* that H. & H. should look to the bankrupt's estate for compensation. *Held:*

1. That M. & J. were individually liable to H. & H. for such services.

2. That the party employing an attorney or counsel to perform any service in his professional capacity, in the absence of a special agreement to the contrary, is personally responsible for any such services rendered.

3. The general rule is, that the party employed looks to the employer for payment; and where a trustee employs an agent, in the execution of his trust, such agent must look to the person employing him, individually, for his payment, and can have no claim on the trust funds.

*Matthews, Ramsey & Matthews,* for plaintiffs.

*Hoadly & Johnson,* for defendants.

O'CONNOR, J. This is a petition in error to reverse a judgment in favor of defendants, at Special Term.

James R. Hallam and Theodore F. Hallam, the plaintiffs in error, who were also plaintiffs below, were, in 1868, attorneys at law, practicing in Covington, Ky., under the

firm name of Hallam & Hallam. It appears by their petition that, in January, 1868, Alexander T. Stewart and others, comprising the firm of Alexander T. Stewart & Co., of New York city, instituted, in the Circuit Court of Kenton county, Kentucky, an action in equity, against Lewis C. Hopkins, to recover $18,368 for merchandise alleged to have been purchased of said Stewart & Co., and that in said action said Stewart & Co. obtained an order of attachment against the property of said Hopkins, which order was executed by the sheriff of said county by attaching real estate to the value of more than $25,000, the property of said Hopkins. And that afterward, at the June term of said court, the defendants, George Maxwell and Isaac M. Jordan, claiming to be the trustees in bankruptcy of the estate of said Hopkins, employed these plaintiffs as their attorneys to attend and defend said action on their behalf, and that said defendants then promised to pay these plaintiffs a reasonable compensation for said services. And the plaintiffs allege that, by reason of their employment, they performed legal services, for which they claim a judgment against the said George Maxwell and Isaac M. Jordan, individually, for the sum of $1,200.

The defendants, Maxwell & Jordan, allege in their answer:

1. That 'they are the trustees in bankruptcy of said Hopkins, and were at the time of said alleged employment of plaintiffs, and that as such, by virtue of section 14 of the bankrupt act of March 2, 1867, they were entitled to twenty days' notice from the plaintiffs of their intention to bring an action against them, as trustees, and of the cause of said action, and that such notice was not given.

2. The defendants deny that they, as individuals, employed the plaintiffs, or either of them, to perform any of the services mentioned in the petition, but aver that the services rendered were rendered on behalf of the trustees of L. C. Hopkins.

3. The defendants deny the amount and value of the services rendered.

The court below, to whom the case was submitted without the intervention of a jury, was requested to find the facts and law separately; in compliance with which request the court found upon the evidence the following to be the facts:

1. That the defendants, Maxwell & Jordan, were trustees of the estate of Lewis C. Hopkins, bankrupt, under section 43 of the bankrupt act, and were interested only as such trustees in the suit in which the services for which this suit is brought, were rendered, and that the plaintiffs have always known these facts, and represented the trustees of the estate of L. C. Hopkins, bankrupt, in such proceedings.

2. That more than twenty days prior to the proceedings in this case, the plaintiffs in this suit presented to the said defendants the following bill:

COVINGTON, KY., *April* 22, 1869.

The trustees of L. C. Hopkins, bankrupt, to Hallam & Hallam, attorneys, Dr.: On account of professional services, in *A. T. Stewart & Co. v. L. C. Hopkins & Co.*, in Kenton Circuit Court, Kentucky, $500. Received payment.

And that no other or further demand was made, or notice of action given, prior to the commencement of this action.

3. That there is no evidence to show that there are not funds belonging to the said estate in the hands of the said trustees.

And the court finds the facts in the case no further.

Whereupon the said court finds as matters of law:

1. That the said defendants, Maxwell & Jordan, are not personally primarily liable for such services.

2. That the presentation of said bill was not sufficient notice of the intention to bring this action under section 14 of the bankrupt act.

Whereupon the court gave judgment in favor of the defendants, and that they recover their costs.

To reverse this judgment, this proceeding in error has been prosecuted. The only question before us is, whether the court below erred in deciding that, under the facts of the case, no recovery could be had against Maxwell & Jordan individually, but that, if liable at all, they were only liable as trustees, and that the plaintiffs therefore must look to the estate of Hopkins for compensation for their legal services.

This seems to be a new question in our courts, and is one of considerable interest to lawyers and those who, occupying a fiduciary relation, employ them for the benefit of their trust.

In the case of *Bowman* v. *Tallman,* 2 Robertson, 385, Tallman was executor of his father's will, by which certain real estate in the city of New York was to be divided among his sisters and their issue, and his mother. It becoming necessary to divide the estate by partition, or by a sale under the statute, Tallman employed Bowman, a lawyer, to take and carry on the necessary legal steps to effect the result. For these services Bowman sent his bill to Tallman, charging him personally with the amount. Tallman, among other defenses, denied his personal liability for those legal services, they having been rendered for the benefit of the estate. Under the instruction of the court below, the jury rendered a verdict for Bowman for the amount claimed, upon which judgment was rendered, from which judgment Tallman appealed to the Superior Court. The judge announcing the opinion of the Superior Court held, " that it is a well-established elementary principle of law, that the party employing an attorney or counsel to perform any service in his professional capacity, in the absence of a special agreement to the contrary, is personally responsible for any such services rendered ;" citing *Wilson* v. *Burr,* 25 Wendell, 386 ; 2 Shaw, 421, marginal reference ; 2 Chitty's Pleading, 69, and note *d; Hill* v. *Tucker,* 1

Taunton, 7. It was also held, that the general rule is, that the party employed looks to the employer for payment; and where a trustee employs an agent, in the execution of his trust, such agent must look to the person employing him, individually, for his payment, and can have no claim on the trust funds; and cites *Noyes* v. *Blakeman*, 2 Selden, 580. And Chief Justice Robertson, in a concurring opinion, says: "'Employment' and 'retainer' seem to imply a personal obligation," citing *Hill* v. *Tucker*, 1 Taunton, 9; *Wilson* v. *Burr*, 25 Wendell, 386. Also, "if the defendant was acting as a trustee and not as an agent, he was responsible in the first place, at all events, as principal," citing 2 Selden, 580. "Indeed," the judge continues, "in regard to attorneys, the presumption as to the person to whom the credit is held to be given, seems to be reversed;" and cites 2 Chitty's Pleading, 69; Shaw, 422; *Wilson* v. *Burr*, 25 Wendell, 386; *Hill* v. *Tucker*, 1 Taunton, 9.

In the case of *Mygate* v. *Wilcox*, 45 New York, 306, the Court of Appeals held:

1. Executors and administrators are personally liable for the services of an attorney on their final accounting, rendered upon their retainer.

2. Administrators who retain an attorney to attend for them in proceedings against them as administrators, on a final accounting before the surrogate, are jointly liable to such attorney, although their interests upon a distribution are different; and that interest is recoverable upon an attorney's account from the time it is rendered to the client. And the court say, "a party who employs an attorney is personally liable to him for his services, although acting as a trustee or in a representative capacity in the business in which he employs him," and cites *Bowman* v. *Tallman*, *supra*.

In 2 Selden, 580, the Court of Appeals say: "It is undoubtedly true, as a general rule, that where a trustee employs agents in the execution of his trust, they are to look to him individually, and have no lien upon the trust

fund for their compensation. If he is in funds he is bound to protect the estate, in which case he has no lien, and consequently can not assign any, having none to assign.

These authorities all point one way, and we have been referred to no authority, and have seen none, which holds a different doctrine.

The result of these authorities is, that the party employed, in the absence of a *special agreement* to the contrary, looks to the employer for payment; and where a trustee, in the absence of a special agreement to the contrary, employs an agent in the execution of his trust, such agent must look to the person employing him, individually, for his payment, and can have no claim on the trust funds.

In view of these authorities, the only question before us is, was there a special agreement between the parties, that Hallam & Hallam should look to the estate of Hopkins for compensation for their professional services? If there was not, Maxwell & Jordan are responsible, individually, to the plaintiffs.

The answer of Maxwell & Jordan does not set up such special agreement, nor any special agreement, and there is no evidence tending to show that there was any special agreement. It is true that more than twenty days before the commencement of this suit, Hallam & Hallam presented a bill to the defendants as trustees of Hopkins, bankrupt. This, however, does not prove a special agreement to look to the estate of Hopkins for compensation. The form of the bill was most favorable to the defendants, had they seen proper to pay it; but as they refused payment, and it became necessary to bring suit, the plaintiffs were compelled to stand on the facts of the case; for if suit had been brought against the defendants as trustees, they might have answered that there was no special contract binding the estate.

We conclude, therefore, that the court at Special Term erred in finding, as a matter of law, " that the said defendants, Maxwell & Jordan, are not personally primarily

liable for such services," and in dismissing the action and rendering judgment for the defendants.

The judgment at Special Term is reversed, and the case remanded for further proceedings.